IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                     CIV 17-0477 KBM/SCY

$53,489.03 IN UNITED STATES CURRENCY
FROM SAFE DEPOSIT BOX #1212, WELLS
FARGO BANK,

$15,476.91 IN FUNDS FROM WELLS FARGO
CHECKING ACCOUNT NO. -1488,

$2,719.98 IN FUNDS FROM WELLS FARGO
SAVINGS ACCOUNT NO. -8624,

    Defendants-in-rem.

## ORDER TO SHOW CAUSE

**THIS MATTER** came before the Court *sua sponte*. The United States filed its Verified Complaint for Forfeiture *In Rem* on April 26, 2017 (*Doc. 1*). However, there has been no activity in this case since that time. Thus, there appears to be a manifest lack of interest on the part of the United States in litigating this matter.

The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See, e.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43(1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

Based upon the United States' lack of activity in this case, it will be required to show cause why this case should not be dismissed.

**IT IS THEREFORE ORDERED**, that the United States must show cause, in a written document to be filed with the Court no later than **Friday, November 17, 2017,** why this case should not be dismissed. The United States is hereby given notice that failure to respond to this Order may result in dismissal of this action for failure to prosecute without further notice.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE